We will call our next case for argument, United States v. Jason Edwards. Whenever you're ready. Good morning, Your Honors. My name is Jeremy Gutman, and I represent appellant Jason Edwards. The issue here concerns a condition of supervised release that imposed a warrantless search, authorized warrantless searches, by a probation officer of a broad range of property, including computers, cell phones, and electronic devices. It was imposed without any explanation by the court of the justification for this, or any indication that there was an individualized assessment and a determination that this condition imposed no greater restraint than necessary. Under the court's case law, that's clearly error. The court's required to do that. The case law also provides that the error may be harmless if the reasoning supporting the condition is self-evident on the record. We argued that it's not self-evident and that that standard wasn't met for two reasons. One, because the underlying offenses didn't have anything to do with electronic— But he used his phone. So the question before us really is whether if you're using electronic devices, even though they weren't an essential part of a crime, that is enough to say that use of electronic devices can be looked into under court-supervised release. Isn't that the issue? I think it is, and I also want to acknowledge that the briefing in this case was finished almost a year ago. Before Robinson. Yes. So you would have to distinguish Robinson. Yes, Your Honor. So in the opinion that Judge Nathan wrote in Robinson, it takes away the strength of the first part of that argument because it says that a search condition, including electronic devices, doesn't necessarily have to— It's not limited to cases where the offense involved electronics. But the issue that still remains is whether there was proper consideration of whether this was no greater restraint than necessary. And in Robinson, the court held that the concerns about intrusion into the protected liberty interest of the defendant were not a concern because in that case, the condition was narrowly tailored. And in support of the conclusion that it was narrowly tailored, it pointed to two features of the condition. One is that it had to be based on reasonable suspicion, and the other is that it was limited to searches conducted at a reasonable time and place. In our case, there's a requirement of reasonable suspicion. It's actually not as fulsome as the one in Robinson because that one said reasonable suspicion not only that an offense is taking place, but that evidence of that will be found in the particular items to be searched. But in addition, there was the limitation on searching in a reasonable time and manner. Can't we just read that into the provision? I mean, where somebody says search, should we read that as an unreasonable time and manner, or should we read it to be reasonable time and manner even if they didn't say so specifically? Well, can I just – I'm looking at the special condition in the last sentences. Any search shall be conducted at a reasonable time and in a reasonable manner. So I'm not sure what you're distinguishing. Page 16 of whatever this is. Do you have the term in front of you? I do. Go ahead. That's the last page of the – A116, I don't know if you have the appendix. It's the last page of the judgment. I think the line that you're contrasting, I think, is there. Just one moment, Your Honor. Sure. It is, Your Honor. I apologize. I would go back to the point that there's no specification, as there was in Robinson, of – that the reasonable suspicion is – that it can't be just a broad – any time there is a suspicion of any kind of crime, you can search all of the electronic devices, all of the cell phones. I would just submit that that is extraordinarily broad and that the court can't really comfortably say that it's no greater restraint than necessary. And I think the proper remedy is to remand the case so that that can be expressly addressed by the court and the rationale can be explained and the particular concerns about the extent of the authorization given to a probation officer can be addressed by the court. All right. Thank you very much. Thank you. We've got some rebuttal. Good morning and may it please the court. My name is Andrew Chan and I represent the United States in this appeal as I did during the district court proceedings before Judge Reardon. This court should uphold the defendant's search condition because Judge Reardon's reasons for imposing this condition were completely self-evident in the record at sentencing. For example, it was during a search of the defendant's vehicle that law enforcement officers discovered the loaded gun that is the subject of the defendant's charges in this case. And it was during a search of the defendant's electronic devices and his cloud storage accounts that law enforcement officers discovered a photograph of the defendant at a shooting range, a video of the defendant threatening a person who was being held up at gunpoint, as well as text messages and photographs that suggested that the defendant was engaged in a counterfeit check scheme. I would also note that in the government's sentencing submission and throughout the sentencing transcript itself, the government repeatedly emphasized that the searches in this case, including the search of the defendant's cell phones and his iCloud accounts, they revealed a broader pattern of criminal activity that the defendant was engaged in. And so based on this record, I think the district court's reasons for imposing the search condition here are completely obvious and self-evident. The defendant was known to keep evidence of his criminal activity in electronic devices and cloud storage accounts and in his vehicle. And so the search condition here was obviously justified in the interests of public safety and to deter the defendant from committing additional crimes when he was on supervised release again in the future. And so at a minimum, the court should find that the defendant has failed to satisfy all of the elements of plain error review, unless the court does have any additional questions. Can I ask? I've just been thinking about this, so maybe you could help me. Conceptually, self-evident on the record analysis is a harmlessness analysis. There's no objection here, so we're under plain error. And I just wonder how you put those pieces together. I think that even under a plain error review standard, when you're asking the question as to whether or not there was a plain or obvious error, we can still look to the harmless error standard in other cases like Betts where this court has said that the error is harmless if the reasons for the district court's imposition of that condition are self-evident. And so I think under the first two prongs of that plain error standard, the court could still find that the error is harmless. I think our argument here is that the defendant also can't be— Well, it is also the argument that if something is harmless, then it doesn't offend justice. Exactly. And so I think given the harmlessness of the error here, it's really not possible for the defendant to show that his substantial rights have been affected or that there's some impact on the integrity or the fairness or the public reputation of these proceedings. The heart of the evidence in this case was built from the searches of the defendant's vehicle and from his cell phones and electronic devices. I think the record is very, very clear here as to the reasons why Judge Reardon imposed the search condition. So unless the court has— I guess one final question just directly on the merits. One factor in Robinson that gets noted is the PSR had indicated that— because it seems pretty similar to Robinson. The PSR there had noted that he was asked if he had any weapons or something in the car and he had lied. And that deception with respect to a search is one indicated factor in Robinson. Do we have anything like that here? I think we do. I think the sentencing record and the PSR clearly indicate that the defendant fled from law enforcement when they tried to initiate the traffic stop. And the defendant actually led law enforcement on a high-speed chase, carrying the gun in the trunk of his car. And it was only when he ran into traffic and police officers actually had to break the window of the car before the defendant finally stepped out of the vehicle. And it was during the subsequent inventory search that revealed the firearm. And so I think there is that similarity in factual conduct here where the defendant was actively trying to avoid law enforcement detection here. Unless there's other questions, the government would respectfully request the court affirm the judgment of conviction and otherwise dismiss the defendant's appeal. Thank you. I just wanted to briefly, I guess, throw in my two cents on the harmless error analysis. As I see it, there is plain error, like the fact of not explaining on the record the rationale in and of itself. It's clearly error, and I think it's plain under the court's many holdings that say that that's what's required. And at the page 7 of my reply brief, I cite a case, United States v. Lewis. It's from 2005, not the one earlier this year, which dealt with this issue. But basically saying that the failure to provide that explanation in and of itself deprives the defendant and the fact that it does lead to a condition affects the substantial rights of the defendant, and it also affects the integrity and public reputation of the court because it basically is not providing society with an understanding of why it happened. So I think that we agree that the standard is plain error, but I don't think that should stand in the way of the court granting relief. It's plain error, but ultimately the analysis is a harmlessness analysis with respect to whether it's self-evident on the record. Yes, yes, whether it warrants a remand depends on whether you find that it's self-evident. Thank you. All right. Thank you both. We'll take this case under advisement. And we're ready for our closing.